UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS HANSEND,

    Defendant.
_____/

Case No. 21-cr-20307-GAD-KGA-2

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING IN PART DEFENDANT HANSEND'S MOTION TO SEVER (ECF Nos. 188 AND 202) AND SETTING NEW DATES**

### I. INTRODUCTION

On May 5, 2021, a grand jury charged Defendant Curtis Hansend, and his codefendants, in a drug conspiracy. ECF No. 1. A grand jury returned a Superseding Indictment charging Mr. Hansend with conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B)(vi) (Count One); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Fourteen); and felon in

1

possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count Fifteen). ECF No. 75.

Presently before the Court is Mr. Hansend's Motion to Sever (ECF Nos. 188 and 202). The Government filed a response in opposition, ECF No. 206, and the Court held a hearing on the matter on December 19, 2022. For the following reasons, the Court will **GRANT** Mr. Hansend's Motion to Sever (ECF Nos. 188 and 202). Accordingly, the Court will **SEVER** Mr. Hansend from Lusk[1] and Mr. Hill.

## II. Background

This matter involves six defendants: Hugh Harold Lusk, Curtis Hansend, Robert "Unc" Hill, Jonathan Ruland, Amy Chapman, and Kirk Metro. Ms. Chapman pled guilty on June 7, 2022, Mr. Ruland pled guilty the next day, and Mr. Metro pled guilty on June 13, 2022. *See* ECF Nos. 167, 163, 165. Mr. Hansend filed his first Motion to Sever (ECF No. 188) on October 31, 2022. In that Motion, he requested that the Court sever either him or Lusk due to the prejudice that would result from Lusk's disruptive behavior in the courtroom. *See generally* ECF No. 188. Before the Government responded to that Motion, this Court found Mr. Hill

---

[1] When he appeared before the Court on November 28, 2022, Lusk took issue with the title "mister," so the Court will not use it to refer to him but means no disrespect by the omission.

2

incompetent to stand trial, found Lusk competent to stand trial, and permitted Lusk to proceed *pro se*. See ECF No. 198. The Court thus permitted Mr. Hansend to file a second motion to sever based on the changed circumstances of the case. In his Second Motion to Sever (ECF No. 202), Mr. Hansend seeks severance from Lusk for the same reasons raised in his first motion and severance from Mr. Hill based on the delay that will ensue as the Government attempts to restore Mr. Hill to competency. *See generally* ECF No. 202.

### III. LAW & ANALYSIS

#### A. Legal Standard

Pursuant to the Federal Rules of Criminal Procedure, defendants may be indicted together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, Rule 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires". Fed. R. Crim. P. 14(a). The Supreme Court has acknowledged that there is a preference for joint trials because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."

3

*Zafiro v. United States*, 506 U.S. 534, 537 (1993). However, whether to grant severance is within the sound discretion of the district court. *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983).

District courts should permit severance under Rule 14(a) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. To succeed on a motion to sever, a defendant "must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Appellate courts will not reverse a trial court's decision to sever, unless it can be shown that the defendants were prejudiced in some way by the court granting severance. *United States v. Furness*, No. 3:19-cr-098(4), 2021 WL 736900, at *1 (S.D. Ohio Feb. 25, 2021) (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).

B. Discussion

1. **Severance as to Lusk**

Mr. Hansend argues "Mr. Lusk has made it very clear that he intends to offer defenses to his case that are not based in law, have been repeatedly found to be frivolous by every Federal Court ever to hear them, and will undoubtedly overtake

4

the trial at the expense of Mr. Hansend." ECF No. 188, PageID.1003. Mr. Hansend emphasizes that on July 28, 2021, Lusk submitted a *pro se* filing titled "Notice of Acceptance" purporting to return an executed Indictment to the Government in exchange for dismissal of the charges against him and stating he did "not dispute any of [its] facts." ECF No. 56, PageID.113. Mr. Hansend also expresses concern over the "prodigiously far-fetched arguments" Lusk has presented in his previous filings before the Court. ECF No. 202, PageID.1083. The Government counters that the evidence to be introduced in a joint trial would not confuse the jury and that the fact that different defendants will propound different defenses does not require severance. ECF No. 206, PageID.1116–17.

Given the high chance of prejudice to Mr. Hansend and the potential for prejudicial error because of Lusk's conduct, the Court agrees that severance is necessary as to Mr. Hansend and Lusk to ensure that Mr. Hansend receives an orderly and fair trial. Although it is not binding on this Court, the analysis of the Eastern District of Tennessee in a similar situation is particularly persuasive. One of the defendants in *U.S. v. Martin*, Mr. Brooks, repeatedly objected to being tried with his co-defendant, Mr. Martin, due to Mr. Martin's "inappropriate conduct" at the pretrial conferences. *United States v. Martin*, No. 3:07-CR-51, 2008 WL 627413, at *1 (E.D. Tenn. Feb. 22, 2008). As with Lusk, Mr. Martin was ultimately

5

permitted to proceed to trial *pro se*. The magistrate judge granted the motion for severance over the objection of the other two defendants. *Id.* at *1–2. In doing so, the magistrate judge reasoned:

> Mr. Martin's decision to proceed to trial pro se, standing alone, does not require a severance. But in the unique context of this case, that decision creates a great likelihood that a joint trial will substantially prejudice Ms Hall and Mr. Brooks. That risk can be eliminated by severance. An abundance of precaution dictates that Mr. Martin proceed to trial in his own trial without the potential of adverse effect to Ms Hall or Mr. Brooks.
>
> The Court is specifically concerned with Mr. Martin's past conduct in court, indicating a lack of willingness to abide by courtroom decorum in a non-jury setting. Although each time Mr. Martin has been corrected[,] he apologizes to the Court for his inappropriate behavior, the fact remains that he has been unable or unwilling to conduct himself in a manner consistent with courtroom procedure and decorum. The Court has observed none of this type of disruptive behavior from the several other defendants in this case, who appear to conduct themselves within appropriate bounds despite whatever their personal opinions and feelings may be about what is taking place in the court. The Court is also mindful of the role of a lawyer in advising and reminding any client of proper courtroom behavior and protocol. Because Mr. Martin is now proceeding pro se, the Court can only anticipate the exercise of less personal restraint on his part than when counsel spoke on his behalf. Despite the appointment of hybrid counsel, the Court concludes there remains a likelihood of increased stress in an extended jury trial that could lead to greater outbursts, inappropriate behavior and problems which could [a]ffect the trial. . . .

6

>The Court is also concerned with Mr. Martin's lack of legal training and the potential that, despite admonitions and guidance and even with assistance of hybrid counsel, improper or inadmissible testimony or evidence could be presented before the jury which could adversely affect and prejudice the co-defendants and result in a mistrial. This likelihood is increased regardless of the good intentions or model behavior of Mr. Martin. Some rules of evidence and procedure appear counter-intuitive to persons who have not pursued directed, formal study into their purpose and interplay with other precepts. Although Mr. Martin has exercised his right to proceed pro se, the Court cannot ignore the myriad ways in which he could inadvertently and irreparably harm his codefendants' prospect for a fair trial. Given the record and facts before this Court, this Court finds it would be gravely irresponsible to ignore the clear signs of impending prejudice and permit Ms Hall and Mr. Brooks to proceed to a joint trial under these circumstances.

*Id.* at *3.

As in *Martin*, Lusk has a history of courtroom disruptions. Indeed, his behavior has been so inappropriate that this Court held him in contempt, ECF No. 123, and *sua sponte* had him evaluated for competency to stand trial, ECF No. 127. As Mr. Hansend points out, the Court expressed concern in its November 30, 2022 Opinion and Order that Lusk will continue this behavior during trial. ECF No. 198, PageID.1050–51. While the Court advised Lusk that such disruptions could result from his removal from the courtroom or waiver of his right to self-representation,

7

the Court recognizes that such measures would not undo the prejudicial harm caused by Lusk's conduct prior to their implementation.

Additionally, even if Lusk is less disruptive now that he is representing himself, the Court is particularly concerned with the potential for prejudicial error. For example, it is possible that Lusk, who is not familiar with the Federal Rules of Evidence, will inadvertently introduce inadmissible, and possibly prejudicial evidence at trial. While the Court can give a curative instruction if this happens, "[s]uch an instruction, however, is very close to an instruction to unring a bell." *United States v. Murray*, 784 F.2d 188, 189 (6th Cir. 1986).

Notably, at the hearing on November 28, 2022, Lusk repeatedly stated that he had "stipulated to the facts" in the Superseding Indictment as part of an agreement that he had reached with the Government despite the attorneys for the Government being unaware of any such agreement and several explanations from then defense counsel that such statements could be taken as admission of guilt. Statements such as these, which effectively concede guilt, would undoubtedly prejudice Mr. Hansend if made in the presence of the jury and vitiate his chance at a fair trial. Indeed, "[a]n accused is deprived of his rights under the Confrontation Clause when the confession of a nontestifying codefendant that implicates the accused is introduced into evidence at their joint trial." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir.

8

2002) (citing *Bruton v. United States*, 391 U.S. 123, 137 (1968). Similarly, the Sixth Circuit has found that an accused's Confrontation Clause rights are violated by the admission of a "*statement* made by a codefendant that implicates the accused." *Id.* (emphasis in original) (citing *United States v. Bartle*, 835 F.2d 646, 651 (6th Cir.1987)). Moreover, these "violation[s] of the accused's rights [are] not cured even if the jury is instructed to consider the confession [or statement] only as evidence against the codefendant."[2] *Id.* (citing *Bruton*, 391 U.S. at 137). How much worse would the prejudice be if the codefendant made the incriminating statement while representing himself?

---

[2] Relying on *United States v. Kincaide*, 145 F.3d 771 (6th Cir. 1998), the Government asserts that a jury instruction is sufficient to prevent any undue prejudice caused by a disruptive codefendant. ECF No. 206, PageID.1118–19. Although instructive, *Kincaide* is not determinative in this situation. There, the Sixth Circuit found the district court did not commit plain error in denying two defendants' motions to sever because the court gave a curative instruction telling the jury not to give any weight to the court's revocation of the codefendant's right to self-representation after a "rather bizarre cross examination." *Kincaide*, 145 F.3d at 780. The instant matter is in a completely different procedural posture. That something was not plain error does not mean it is necessarily the best decision in the first instance. Moreover, it is well settled that prejudice caused by the introduction of the incriminating statements of a codefendant, which the Court fears will happen in the instant case, cannot be cured by a jury instruction. *Cope*, 312 F.3d at 780.

*United States v. Lopez*, 309 F.3d 966 (6th Cir. 2002), the other case the Government cites, is unpersuasive for the same reason.

9

Lastly, the Court notes that Mr. Hansend and Lusk only share one count in the Superseding Indictment: the conspiracy count (Count One). Lusk is charged in one additional count in which Mr. Hansend is not (Count Two), while Mr. Hansend is charged in two additional counts in which Lusk is not (Counts Fourteen and Fifteen), and these offenses are alleged to have occurred on different days. This indicates that the Government will have to introduce substantially different proof as to each defendant and that judicial economy is not necessarily served by joinder. *See United States v. Georges*, No. 2:20-CR-157 (2), 2021 WL 1616074, at *3 (S.D. Ohio Apr. 26, 2021) ("Even the existence of a conspiracy charge, however, may not prevent a district court from severing a defendant . . . where a joint trial will also concern many charges unrelated to the conspiracy charge, especially where one co-defendant was charged with all of the counts and another defendant was only charged with one." (citing *United States v. Davidson*, 936 F.3d 856, 857 (6th Cir. 1991)).

Accordingly, the Court will grant Mr. Hansend's motion for severance as to Lusk.

### 2. Severance as to Mr. Hill

Next, Mr. Hansend seeks severance from Mr. Hill on speedy trial grounds. Specifically, "Mr. Hansend does not concur to waiting for a trial date contingent on the hope Mr. Hill could one day be brought back to competency." ECF No. 202,

10

PageID.1083. The Government counters that this request is premature and that the currently scheduled trial date may be adjourned depending on the resolution of Lusk's pending motions, confirmation from Lusk's recently appointed standby counsel that he is ready to proceed, and confirmation from Mr. Hansend's counsel that he is ready to proceed on that date. ECF No. 206, PageID.1119. The Government also notes that 18 U.S.C. § 4241(d), which governs the competency restoration process, provides time restraints for said process.

As a preliminary matter, because the Court has already determined it will sever Mr. Hansend from Lusk, the Governments arguments about Lusk potentially needing to adjourn the trial date are unavailing.

Section 4241(d) provides that the Attorney General shall hospitalize a defendant who has been found incompetent for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). However, the statute also allows for hospitalization "for an additional reasonable period of time until . . . his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such

11

additional period of time he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(2)(A).

Even if Mr. Hill can be restored to competency within the four months initially contemplated by § 4241(d), the Court notes that the process by which Mr. Hill will undergo his competency restoration remains undetermined at this time. Indeed, even if Mr. Hill undergoes the restoration process in a Bureau of Prisons Facility, the Government has previously indicated to the Court that a bed would not be available for him for "several months." ECF No. 205, PageID.1107.

"Unquestionably, matters of docket control are within the broad discretion of the district court." *United States v. Johnson*, 299 F. Supp. 3d 909, 927 (M.D. Tenn. 2018) (collecting cases). Generally, joinder of defendants is favored when it promotes "the goals of trial economy and convenience." *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987). "This case, however, presents the unusual situation in which judicial economy weighs in favor of severance." *United States v. Young*, No. 3:98-00038, 2004 WL 7341113, at *2 (M.D. Tenn. July 1, 2004). Mr. Hill is still, at least, several months away from going to trial. Moreover, given the nature of his ailments, it is possible that Mr. Hill will never be restored to competency. Thus, administrative convenience favors allowing Mr. Hansend, who is ready to proceed to trial now, to do so as soon as possible. "Delays in trial preparation and

12

the trial itself also raise issues of fundamental fairness, and to the extent that delays cause financial complications that hamper the ability to prepare for trial, could implicate the defendant's constitutional right to effective assistance of counsel." *Id.* at *3. Accordingly, the Court will sever Mr. Hansend and Mr. Hill.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Mr. Hansend's Motion to Sever (ECF Nos. 188 and 202) is **GRANTED**. The Court will **SEVER** Mr. Hansend from Lusk and Mr. Hill.

**IT IS FURTHER ORDERED** that the following dates shall govern this order:

| Motion(s) *in Limine* due: | January 4, 2023 |
| --- | --- |
| Response(s) to Motions *in Limine* due: | January 11, 2023 |
| Exhibit and Witness Lists due: | January 17, 2023 |
| Voir Dire, Joint Proposed Jury Instructions, and Joint Proposed Jury Instructions due: | January 17, 2023 |
| Objections to Exhibits or Witnesses due: | January 19, 2023 |
| Jury Trial: | January 26, 2023 at 8:30 a.m. |

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2022

13

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 21, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager